**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| UNITED STATES, | § | |
| --- | --- | --- |
| | § | |
| v. | § | Cr. No. C-11-1133 |
| | § | |
| JOSE GRUESO-LOPEZ. | § | |

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

Pending before the Court is Jose Grueso-Lopez' motion for relief from judgment received by the Clerk on July 16, 2012. D.E. 22. For the reasons stated below, the motion is DENIED.

Grueso-Lopez was convicted of Illegal Reentry based upon his plea of guilty. D.E. 20. The Court sentenced him to 30 months imprisonment on February 16, 2012, a below guideline sentence. Id. Grueso-Lopez did not appeal. His conviction and sentence became final on March 1, 2012. A judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

## ANALYSIS

Grueso-Lopez' pending motion seeks a new sentencing hearing, claiming that he should be afforded a sentence reduction based upon application of fast track downward departure and amendments to the sentencing guidelines. Grueso-Lopez claims that Rule 60 of the Federal Rules of Civil Procedure provides the legal basis for his motion. The Federal Rules of Civil Procedure do not apply to an original criminal proceeding. United States v.

Flores, 380 F.3d 371 at *1 (5th Cir., Feb. 8, 2010) (designated unpublished) ("Rule 60(b) applies only to civil cases and 'simply does not provide relief from a judgment in a criminal case.'"); United States v. O'Keefe, 169 F.3d 281, 289 (J. Dennis dissenting from grant of motion for temporary stay pending appeal) ("Federal Rule of Civil Procedure 60(b), therefore, simply does not provide for relief from a judgment in a criminal case."); United States v. Scott, 199 F.3d 438, *1 (5th Cir., Oct. 19, 1999) (designated unpublished) ("Rule 60(b) is a rule of civil procedure designed to facilitate challenges to errors in civil judgments. The rule has no application to criminal convictions.").

It is black-letter law that a federal court generally "may not modify a term of imprisonment once it has been imposed." Dillon v. United States, —U.S.----, 130 S. Ct. 2683, 2687 (2010). A district court may resentence a defendant whose conviction has become final only pursuant to the circumstances set out in 18 U.S.C. § 3582.[1]

---

[1] (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
    (1) in any case--
        (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
            (i) extraordinary and compelling reasons warrant such a reduction; or
            (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
    and that such a reduction is consistent with applicable policy statements

Grueso-Lopez' motion does not permit this Court to resentence him based upon his newly claimed entitlement to fast-track consideration. The Attorney General's change of policy as a matter of prosecutorial discretion does not enlarge this Court's jurisdiction.

Furthermore, Grueso-Lopez does not fit within the exceptions provided by § 3582(c)(2) for a sentence reduction because there has been no change to the sentencing guidelines that affect the calculation of his guideline range. Nor do any of the other circumstances of § 3582 apply. As to Grueso-Lopez' claim that he is eligible for a sentence reduction pursuant to Amendments 740 and 754 to the Sentencing Guidelines, both amendments were effective on November 1, 2011, and were in effect at the time of his arrest on November 7, 2011. Amendment 740 addresses departures based upon cultural assimilation and Amendment 754 addresses the calculation of enhancements to a sentence based upon prior crimes and does not enhance a sentence by as much when the prior crimes are stale enough that they are not counted for criminal history purposes.

---

issued by the Sentencing Commission; and
(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Id.

The Presentence Investigation Report reveals that Grueso-Lopez was assessed a 16 point enhancement for his 1996 conviction for sale of a controlled substance in New York state. D.E. 16 at ¶ 12. He was also assessed 3 criminal history points for that conviction. Id. at ¶ 24. He was incarcerated on that conviction from 1996 until 2006, Id., which meant that the conviction was not stale and could be assessed criminal history points as well as a 16 point enhancement. See U.S.S.G. §§ 2L1.2(b) (1)(A), 4A1.1((a) and application note 1 (criminal history calculation).[2] Even though Grueso-Lopez did not qualify for a 12 point, rather than a 16 point, enhancement the Court departed below the calculated guideline based upon the age of his convictions and the small amount of drugs involved. D.E. 21.

Grueso-Lopez also claims that he should receive a downward departure based upon cultural assimilation. He entered the United States in approximately 1981 when he was 24 years old and remained here until he was deported in 2007.  D.E. 16 at ¶ 30. Grueso-Lopez was incarcerated in New York from approximately 1988 through 1993, 1996 through 2006, and from March 2007 until he was deported in May 2007. See D.E. 16 at ¶¶ 22-28. His family lives in Columbia. The application note to § 2L1.2 provides that a departure for cultural assimilation may be appropriate when,

> (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood, (B) those cultural ties provided the primary motivation for the defendant's illegal reentry

---

[2] "A sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period. See § 4A1.2(e)." U.S.S.G. § 4A1.1((a) and application note 1.

>or continued presence in the United States, and (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant.

U.S.S.G. § 2L1.2, application note 8. Although this Court was permitted to consider whether Grueso-Lopez' had culturally assimilated in the United States in mitigation of his sentence, such consideration is discretionary. U.S.S.G. § 2L1.2. Grueso-Lopez does not fit within the suggested criteria for such a downward departure. This Court sentenced Grueso-Lopez using the sentencing guidelines from 2011. The amendments that Grueso-Lopez now claim should reduce his sentence were in effect at the time of his sentencing and were considered by the Court. No reduction in sentence is permitted pursuant to the terms of 18 U.S.C. § 3582(c)(2).

## CONCLUSION

Because Grueso-Lopez' motion does not fit within the parameters of 18 U.S.C. § 3582 which permits resentencing after a final conviction, the Court DENIES the motion for relief from judgment (D.E. 22).

It is ORDERED this 25th day of July, 2012.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE